IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN CAMPOS, et al.,<br>**Plaintiff(s)**<br><br>v.<br><br>FAUSTINO ACEVEDO, et al.,<br>**Defendant(s)** | **CIVIL NO.** 02-2776 (JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Plaintiffs Carmen Campos-Ramos, David Santiago-Echevarría, Daisy Enid-Valedón, Angel Vélez-Rivera (collectively, "plaintiffs"), filed a Complaint on December 5th, 2002, pursuant to 42 U.S.C. § 1983 alleging political discrimination in violation of their rights under the First and Fourteenth Amendment to the United States Constitution.  Supplemental claims are also raised under the Puerto Rico Constitution and Articles 1801 and 1802 of the Puerto Rico Civil Code.  31 L.P.R.A. §§ 4141 and 5142.

On September 1st, 2004, defendants filed a Motion for Summary Judgment (Docket No. 51).  On December 7th, 2004, the Court referred the Motion to Magistrate-Judge Aida Delgado for a Report and Recommendation.  (Docket No. 75).  On September 15th, 2005, Magistrate-Judge Delgado issued a Report and Recommendation (Docket No. 88) to **GRANT** the Motion in part, and **DENY** it in part as follows:

Civil No.  02-2776 (JAG)                                            2

1) that the Motion for Summary Judgment be **GRANTED** as to the section 1983 claims brought by plaintiff Santiago inasmuch as the same are barred by the applicable limitations period;

2) with regard to the issue of <u>respondeat superior</u> and personal involvement, that the Motion for Summary Judgment be **GRANTED** as to Jesús Roena for all claims brought against him; **GRANTED** as to Faustino Acevedo on the claims brought against him by Campos and Valedón; **GRANTED** as to Myrna Crespo-Saavedra on the claims brought against her by Valedón; and **GRANTED** as to Víctor R. Cruz-Burgos on the claims brought against him by Vélez;

3) with regard to the claims of political discrimination, that the Motion for Summary Judgement be **DENIED** as to Víctor R. Cruz-Burgos on the claims brought against him by Campos and Valedón; **GRANTED** as to Myrna Crespo-Saavedra on the claims brought against her by Campos and Vélez; and **GRANTED** as to Faustino Acevedo on the claims brought against him by Vélez;

4) that the causes of action under section 1983 be **DISMISSED with prejudice** for lack of legal standing on the claims brought by Socorro Torres-Lebrón, the conjugal partnership comprised by David Santiago-Echevarría and Socorro Torres-Lebrón, Norma I Rodríguez, and the conjugal partnership comprised by Angel Vélez-Rivera and Norma I. Rodríguez;

Civil No. 02-2776 (JAG)                                                3

     5) that the Motion for Summary Judgment on th basis of qualified immunity be **DENIED** as to Víctor R. Cruz-Burgos and **GRANTED** as to Faustino Acevedo, Myrna Crespo-Saavedra and Jesús Roena; and

     6) that the Motion to Dismiss the supplemental state claims be **DENIED**, since a portion of the section 1983 claims remains viable.

     In sum, the Magistrate-Judge recommended that the only remaining federal claims be the section 1983 claims brought by plaintiffs Campos and Valedón against defendant Cruz. Thus, all federal claims against defendants Acevedo, Crespo and Roena were recommended to be dismissed.

     On September 29, 2005, the defendants filed an Objection to the Magistrate-Judge's Report and Recommendation (Docket No. 89), arguing only that, since the remaining federal claims are those brought by Campos and Valedón against Cruz, "the only remaining supplemental state law claims would likewise be those brought forth by Campos and Valedón against Cruz." Id., at 2. Hence, defendants argue that "since the R&R was unclear in that specific issue," they specifically request the Court to dismiss any supplemental state claims brought forth by plaintiffs against defendants Acevedo, Crespo and Roena, and that the only remaining state claims be those brought by Campos and Valedón against Cruz. Defendants argue that supplemental jurisdiction of federal courts to hear state claims arises only when the state and federal claims derive from a common nucleus of operative fact. Rodriguez v. Doral Mortgage Corp., 57

Civil No. 02-2776 (JAG)                                                 4

F.3d 1168, 1176 (1st Cir. 1995).  In this case, defendants allege that the state claims brought forth by plaintiffs Campos and Valedón against defendants Acevedo, Crespo and Roena do not raise from the same nucleus of operative facts as plaintiffs Campos and Valedón against Cruz. The Court agrees.

    Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety, but clarifies that the only supplemental state claims that remain viable are those brought by plaintiffs Campos and Valedón against defendant Cruz.  Partial Judgment shall enter accordingly.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this day 30th day of September, 2005.


                                      S/Jay A. Garcia-Gregory
                                      JAY A. GARCIA-GREGORY
                                      United States District Judge